**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTHONY PACK,

                              Petitioner,

               - v -                                      Civ. No. 9:11-CV-908
                                                                 (LEK/RFT)

WARDEN, *Federal Correctional Institution at Ray Brook*,

                              Respondent.

**APPEARANCES:**                                      **OF COUNSEL:**

**ANTHONY PACK**
Petitioner, *Pro Se*
41564–050
Oakdale Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Oakdale, LA 71463

**THE HON. RICHARD S. HARTUNIAN, ESQ.**     **CHARLES E. ROBERTS**
Assistant United States Attorney–Syracuse       Assistant United States Attorney
Attorney for Respondent
James M. Hanley Federal Building
100 South Clinton Street
Syracuse, NY 13261-7198

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Anthony Pack brings this *Habeas Corpus* Petition, pursuant to 28 U.S.C. § 2241, seeking removal of a classification order preventing his transfer to a Federal Correctional Institution ("FCI") in or near his home state of New Jersey, on the grounds that the classification is unconstitutional. Dkt. No. 1, Pet. Respondent seeks dismissal of the Petition on the grounds that Petitioner's claim is incognizable and unexhausted. Dkt. No. 4. For the reasons stated below, we

recommend that the Petition be **DENIED** and that no certificate of appealability be granted.

## I. BACKGROUND

On December 10, 2008, Petitioner was convicted, in the United States District Court of New Jersey, of bank robbery and sentenced to 132 months imprisonment. Pet. at pp. 2 & 3. The sentencing court recommended that Petitioner be housed in a facility close to his home in New Jersey. *Id.* at p. 3. Petitioner's mother, who lives in New Jersey is physically ill and unable to travel long distances to visit him. *See id.* at pp. 3–4 & Ex. I, Lt., dated June 10, 2010. During and/or after sentencing,[1] Petitioner was subjected to a "seperatees order" barring him from being housed with certain other identified federal inmates. *Id.* at p. 3.

## II. DISCUSSION

The provisions of 28 U.S.C. § 2241 allow a prisoner to challenge "'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (quoting *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001)) (alterations omitted). Construed liberally, Petitioner argues that the "seperatees order," which prevents him from being housed with certain other federal inmates, unconstitutionally prohibits him from being transferred to a prison closer to his home state of New Jersey and his ailing elderly mother. *See generally* Pet. Such a claim clearly falls under the auspices of § 2241. *See Levine v. Apker*, 455 F.3d at 78 (citing cases for the propositions that challenges to the location of confinement fall within § 2241).

Pursuant to § 2241, prisoners must exhaust any available administrative remedies prior to filing a federal *habeas* petition. *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d

---

[1] It is unclear from the face of the Petition when the "seperatees order" was enacted.

Cir. 2001). Respondent argues that Petitioner has failed to exhaust his administrative remedies in the instant case. Dkt. No. 4, Rep't's Mem. of Law at pp. 4–5. However, we need not concern ourselves with the issue of exhaustion because it is clear that even if Petitioner has exhausted his claim, he cannot establish that his inability to transfer to the FCI of his choice violates his constitutional rights.

Indeed, "[i]t is well-established that 'a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another.'" *See Thomas v. Terrell*, 2012 WL 1745434, at * 3 (E.D.N.Y. May 15, 2012) (quoting *Bennett v. Terrell*, 2010 WL 1170134, at * 1 (E.D.N.Y. 2010)). This is so because Congress has given federal prison officials full discretion to determine prisoner classifications. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also* 18 U.S.C. § 3621(b) (stating that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment"); *Pugliese v. Nelson*, 617 F.2d 916 (2d Cir. 1980) (citing *Meachum v. Fano,* 427 U.S. 215, 225 (1976), for the proposition that "where prison authorities have unfettered discretion to transfer prisoners from one institution to another, a prisoner's interest in avoiding transfer to an institution affording less favorable living conditions is insufficient to qualify for due process protection"). Therefore, neither the "seperatee order" enforced by the Bureau of Prisons nor Petitioner's inability to transfer to a federal correctional facility closer to his home state violate his constitutional rights.

Accordingly, we recommend that the Petition be **DISMISSED** with prejudice.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DISMISSED** with prejudice; and it

is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 28, 2014
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge